## JOSEPH N. LUCKEY *v.* FREDERICK W. FRANTZKEE.

An interference by the owner or chief landlord with the possession of a sub-tenant, is a trespass, for which an action against him by the sub-tenant is maintainable, but for which the intermediate landlord is not responsible. Such interference does not, as between the lessee and the sub-tenant, operate as an eviction.

Accordingly, it was *held*, that the act of an owner, in consenting to the removal of a wall standing upon his land, and being essential to the use of a part of the demised premises, could not suspend the right of the original lessee, who did not participate in such removal, to collect rent from a sub-tenant.

*It seems*, that if the sub-tenant leave the premises, in consequence of interference with his possession by the chief landlord, the latter cannot recover rent of his lessee.

A variance between the proofs and the averments in the pleadings, not having formed the subject of an objection at the trial, must be disregarded in determining the case upon appeal.

ACTION for rent of premises number forty four Cortlandt street, on a lease from plaintiff to defendant. The plaintiff was a lessee of the owner, and the defendant was a sub-tenant. Payment of rent was resisted on the plea of an eviction. The opinion contains the material facts, except that it may be added, that when the wall, for the removal of which the defendant complained, was taken down, the upper rooms belonging to the demised premises, were left exposed and uninhabitable.

On the trial of the cause, before WOODRUFF, J., the defendant's counsel requested the court to charge the jury: That the removal of the wall of the adjoining house, No. 42 Cortlandt street, was an eviction of the defendant therefrom, and suspended the rent, the wall having been a part of the premises included in the defendant's lease, and he, therefore, having a right to the use of it. That if the owner of the house No. 42 was the owner of the wall so removed, and rightfully pulled it down, it was still an eviction of the defendant therefrom, and suspended the rent. That if the said wall belonged to Philip Hone, the lessor of the plaintiff, and he permitted it to

be taken down, it was an eviction therefrom by the plaintiff in this suit, and suspended the rent.

The judge charged, among other things, as follows :

That the defendant having on the trial waived all claim to damage by reason of any inconvenience suffered by reason of the water alleged by him to have entered the house, and rested his defence on the allegation that he was evicted from the easterly wall of the demised premises, and not on any alleged eviction from any of the apartments ; the inquiry would be first, whether the defendant had been evicted from a wall forming a part of the premises hired by him from the plaintiff, in a manner that excuses him from the payment of the rent, or any part of it. That if the wall in question did not form a part of the premises demised by the plaintiff to the defendant, but the house No. 44, which he hired,..had a separate, independent wall, however slight, there then was no eviction of the defendant from the wall which was taken down.

That if the wall which was taken down did, in fact, form a part of the premises embraced in the defendant's lease, the suspension of the rent would depend upon the following rules :

If the plaintiff had no participation whatever, directly or indirectly, in the removal of the wall, there was no eviction by *him*, and the defendant is not excused from the payment of the rent by any act of the plaintiff.

But if it was removed by a third person, who had an older title, and a right to make such removal, and the wall was embraced in the defendant's lease, the defendant is entitled to an abatement from his rent for the period during which he lost the use of the wall, to be apportioned according to the rates which the part from which he was evicted bore to the whole of the premises hired by him.

But if the wall formed a part of the demised premises, and was removed by a third party having no right, acting wrongfully, and the plaintiff had no participation in the act, it is no defence. The person so acting was a trespasser, and the defendant must seek redress from him.

That if the wall belonged to the next house, and to the

owner of that house, the taking down of the wall, if not done by the plaintiff, or by his procurement, was no eviction.

That the acts of Mr. Hone, the lessor of the plaintiff, even if he permitted or consented to the removal of the wall, could not affect the plaintiff's right to recover, if the plaintiff did not participate in or assent to such removal; because Mr. Hone having given the plaintiff a lease of the premises, which the plaintiff underlet to the defendant, Mr. Hone's acts were not to be deemed the acts of the plaintiff, and his assent was not to be deemed the assent of the plaintiff.

The jury found a verdict for the plaintiff, for his claim in full, and from the judgment entered thereon the defendant appealed.

*John Anthon*, for the defendant.

I. The only issue in question in this case, is that of *eviction*, and the only question of law, the *effect* of such eviction. The *issue* by the pleadings stands thus : The answer avers, 1. That the easterly wall of the premises demised, belonged to the owner of the adjacent house, who, during defendant's term, pulled the same down, and evicted defendant.

2. It also avers generally, no rent in arrear.

The reply avers, 1. That the wall belonged to the chief landlord, and that plaintiff, his lessee, had full right to demise the same to defendant.

2. That the defendant has not been evicted, but has always enjoyed, &c.

II. The evidence shows conclusively that the wall was owned by the chief landlord, Mr. Hone, and not by the owner of the adjacent house, and was pulled down with the assent of Mr. Hone, and thus the ouster was by him, and not by a stranger.

III. The variance between the proof and the averment in the answer is immaterial, and may be amended instanter by the court, if necessary, without costs, so as to tally with the proof.

IV. Whether immaterial or not, however, is of no moment; the proof of eviction by the *landlord* being admissible, under the general allegation of no rent arrear. (*Lewis* v. *Payne*, 4 Wen. 425, 427.)

V. The proof then shows, that the *wall, part of the demised premises* in this case, belonged to the chief landlord, Mr. Hone, with whose assent and privilege it was taken down, and that he keeps possession of the ground on which it was erected.

VI. This is an eviction by the chief landlord, and suspends his claim for rent against his immediate tenant, Luckey, and in like manner, Luckey's claim against the tenant paravail, the defendant. (*Burn* v. *Phelps*, 1 Starkie, 94; 4 Wen. 423.)

VII. Where the ouster of part is by a stranger, under superior title, there is an *apportionment of the rent*, but where it is the act of the landlord, it *suspends all the rent* until the tenant is restored. (Bacon's Abr. Rent, M.; Archb. Land and Tenant, 173; *Dyett* v. *Pendleton*, 8 Cow. 727; *Lewis* v. *Payne*, 4 Wen. 423; *Ogilvie* v. *Hull*, 5 Hill, 52.)

VIII. The judge ought, therefore, to have charged the jury as requested by defendant's counsel.

IX. The judge erred in charging the jury, that the acts of Mr. Hone, the lessor of the plaintiff, if he permitted or consented to the removal of the wall, could not affect plaintiff's right to recover, if plaintiff did not participate or assent, &c. (*Burn* v. *Phelps*, 1 Stark. 94.)

*Chauncey Shaffer*, for the plaintiff.

I. The refusal of the judge to charge as requested by the defendant's counsel was correct: 1. The removal of an adjoining wall is not an eviction from the premises demised. 2. The owner of house No. 42 Cortlandt street resorted to no process of law. If he disturbed the defendant, he was a naked trespasser. 3. Philip Hone was a stranger to both parties before the court in this action. 4. There is no proof showing an eviction. (4 Cowen, 581, 584.)

Luckey v. Frantzkee.

II. The charge of the judge was correct.  (3 J. Rep. 471; 5 Denio, 120; 7 Wend. 281; 2 Wend. 565; 3 Hill, 330; 4 Cowen, 584; 8 Cowen, 727; 12 Wend. 529.)

III. The defendant, by refusing to recoup his damages, if any, relinquished all possible defence to this action.  See cases cited.

By the Court.  Ingraham, First J.—By the pleadings, the parties appear to have taken issue upon an alleged eviction occasioned by the owner of the adjoining lot pulling down a wall belonging to him, and which he had a right to remove; but by the evidence it appears that the wall so pulled down did not belong to the owner of the adjoining lot, but to the owner of the house No. 44 Cortlandt street, for which this rent accrued, and which such owner had leased to the plaintiff prior to such removal.  No objection on the trial was made on this ground, and the case appears to have been tried on the merits, without reference to the pleadings.

It must, therefore, be disposed of in the same manner on this appeal.  By the evidence, it appears that the wall taken down was in reality the wall of the adjoining house, No. 42, and that the house in controversy had no wall on that side of the building, except one of studs filled in with brick, and that the beams of No. 44 were not inserted in the wall taken down. That the ground on which the wall stood, and, of course, the wall itself, was the property of Mr. Hone, the owner of No. 44 Cortlandt street, that he assented to its being taken down, and the owner of No. 42 Cortlandt street put up a new wall for the house No. 44, but there is nothing in the case showing any act or assent of the plaintiff to any thing done in regard to the wall.

The questions before us are on exceptions to the judge's charge, and to his refusal to charge as requested by defendant's counsel.

Upon both points the same question arises, viz.: Did the consent of the chief landlord or owner of the wall, to its removal, operate as an eviction by the plaintiff, and suspend the rent?  The

judge charged the jury, that the acts of Mr. Hone, the owner, even if he consented to the removal of the wall, could not affect the plaintiff's right to recover, if the plaintiff did not participate in such removal, and refused to charge that such assent on the part of Hone suspended the rent.

The case cited by defendant's counsel from 1 Starkie, 94, was of a different character. There the plaintiff, being the owner or chief landlord, interfered with the tenants of the defendant in such a manner as to cause one of them to leave the premises, and Lord Ellenborough held, that such interference *by him* was an eviction of *his tenant*, and suspended the rent. This is upon the principle universally admitted, that any interference by the landlord with the possession of his tenant, by which the tenant is deprived of his premises, or any part of it, suspends the rent. Several cases are referred to by Judge Nelson, in *Lawrence* v. *French*, 25 Wend. 443, establishing this rule. All of them, however, are cases where the landlord interfered with the possession of the tenant or sub-tenant, and the question arose between the landlord and his immediate tenant. But I have been able to find no case, and none has been cited by the defendant's counsel, in which it has ever been held, that an interference by the owner of premises with the possession of the under tenant, without right, constituted a defence to a claim for rent made against such under tenant by the intermediate landlord.

The rule is stated frequently in the books, that if the lord enter wrongfully upon part of the premises, the rent is suspended, but this I understand to be the rent as between him and his tenant. An interference by the owner or chief landlord with the possession of the sub-tenant is nothing more than a trespass, for which an action is maintainable. To hold an intermediate landlord responsible for such acts would, in many cases, work gross injustice. If the sub-tenant, in consequence of such interference, leaves the premises, then, under the case in 1 Starkie, referred to, I consider the chief landlord could not recover rent of his lessee; but this is the extent of the rule, and no case, I think, can be found extending the rule

any further.  An intermediate landlord often increases the value of the demised premises by buildings, so that while the ground rent is trifling that is paid to the owner of the land, the rent paid by the sub-tenant would be much increased.  There would be no equity or justice in holding such intermediate landlord deprived of his claim for rent, because his landlord had committed a trespass on the sub-tenant's possession, while all he could recover from such owner would be limited to the amount of rent he was to pay for the land.  We are not without some authority, however, on this point.  In 2d Wend. 563, in the note there is cited the case of *Lansing* v. *Van Alstyne*, which seems to decide this very point.  One plea in that case was, that one Klork, claiming to be an owner of part of the premises, entered upon the possession of the tenant, (the defendant,) with the privity and consent of the plaintiff, and expelled the defendant from his possession.  In reference to this plea, Ch. J. Savage says: "This plea is bad for another cause. It states a forcible expulsion by Klork, with the privity and consent of Lansing (plaintiff.)  Surely Lansing's consent amounted to nothing.  He had no authority to consent or dissent.  Had the expulsion been by the plaintiff, or by those persons as his servants, or by his direction, a different question would have been presented."  The ruling of the judge on the trial was consistent with the views here expressed, and no error was there committed of which the defendant can complain.

The judgment of the special term must be affirmed.